# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Aqsa Nawaz,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-01220-JLT-SKO (HC)

ORDER GRANTING THE PETITION FOR HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING [1]

(Docs. 1, 2.)

## I.      INTRODUCTION

Before the Court for decision is Aqsa Nawaz's request for a temporary restraining order (Doc. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 8.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 8 at 1.) Because the Court orders the immediate release of the petition and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.     FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Pakistan. She entered the United States on or about October 27, 2024, at which time she was apprehended by federal immigration officials near San Ysidro, California. (Doc. 1 at 2.) On November 13, 2024, Petitioner was served with a Notice to Appear charging her as an alien present in the United States who has not be admitted or paroled. (Doc. 2-1 at 8.) On November 20, 2024, she was released from custody on her own recognizance and enrolled into an Alternatives to Detention program. (*Id*. at 13.) On December 29, 2025, Petitioner was re-detained when ICE officers intercepted Petitioner near her home. (*Id*.) According to her A-File, Petitioner incurred a total of eleven ATD violations between January 2025 and December 2025, including a missed check-in that occurred 2 days prior to her detention. (*Id*.) She is currently being detained at the California City Detention Facility in California City, California. (*Id*.)

The government opposes the petition and issuance of preliminary injunctive relief and maintains that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 9.) In taking this position, they cite two non-binding opinions but make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *Id.*; *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025) See e.g., *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).. Thus, for the reasons set forth, the Court **ORDERS:**

1.      The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

2.      **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.      The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioners and close this case.

IT IS SO ORDERED.

Dated:   **February 25, 2026**               _____

UNITED STATES DISTRICT JUDGE